UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER JOHN JONES,

    Petitioner,

v.                                   Case No: 8:22-cv-417-WFJ-MRM

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

This matter comes before the Court on Florida prisoner Christopher John Jones' *pro se* Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. 6. Respondent filed a response in opposition, Dkt. 18, to which Mr. Jones replied, Dkt. 19. Upon careful consideration, the Court must dismiss Mr. Jones' Petition for lack of jurisdiction.

## BACKGROUND

In 2013, a Florida jury found Mr. Jones guilty[1] of four counts of Contracting Without a License, three counts of Theft, and one count of Misapplication of Funds Received for Real Property Investments after he entered into contracts through his

---

[1] Mr. Jones was tried and convicted in the Tenth Judicial Circuit in and for Polk County, Florida, in Case No. 2011-CF-961.

unqualified contracting business and stole clients' funds. Dkt. 18-2 at 831−33; Dkt. 18 at 2−4. Mr. Jones was sentenced to time-served on the four counts of Contracting Without a License and concurrent five-year terms of imprisonment followed by ten years of probation on the remaining counts. Dkt. 18-2 at 871−73, 887−92.

Mr. Jones timely appealed his conviction to the Florida Second District Court of Appeal, which affirmed. *Jones v. State*, 182 So. 3d 648 (Fla. 2d DCA 2015). In June 2016, Mr. Jones sought post-conviction relief in state court pursuant to Florida Rule of Criminal Procedure 3.850 motion. Dkt. 18-2 at 972−86. In his Rule 3.850 motion, Mr. Jones raised two grounds for relief: (1) "Trial Counsel Failed to Subpoena and Call Exculpatory Witnesses that were known to the Defense"; and (2) "Trial counsel failed to object to Inadmissible Collateral Crimes or Williams Rule type evidence of other wrongs or bad acts." *Id.* at 975, 980. The post-conviction court denied Ground Two but granted an evidentiary hearing as to Ground One. *Id.* at 1090−91.

At the evidentiary hearing, the primary question was whether Mr. Jones' trial counsel was ineffective in failing to call Tom Thomas, deputy general counsel of the Department of Business and Professional Regulations ("DBPR"), to testify at trial. *See id.* at 1102−1262. At trial, the State's position had been that, though Mr. Jones held a valid contracting license, he had engaged in contracting services

through his business, which had never been "licensed" by the department. *See, e.g., id.* at 1245−46. Mr. Jones asserted that this position was inaccurate and misleading because only individuals—not businesses—may obtain contracting licenses from DBPR. *Id.* at 975−78.

At the evidentiary hearing, Mr. Thomas testified that while businesses were not "licensed" by DBPR, they still had to be "qualified" by the department to conduct contracting services through an individual with a contracting license. *Id.* at 1129. Though Mr. Jones had conceded at trial that his business had not been qualified by DBPR, *id.* at 711, he asserted that his trial counsel should have argued that his convictions for Contracting Without a License were invalid because he personally held a contracting license, *id.* at 975−80. However, the post-conviction court found that Mr. Thomas's testimony was inadmissible because it concerned the legal question of whether a business could be a "licensed contractor" under Florida law. *Id.* at 1267−68. The post-conviction court therefore denied Ground One. *Id.*

Mr. Jones appealed the post-conviction court's ruling to the Florida Second District Court of Appeal, which held that Mr. Thomas's testimony did not concern a legal question. *Jones v. State*, 330 So. 3d 130, 132 (Fla. 2d DCA 2021). The appellate court reversed and remanded the case to the post-conviction court to reconsider Mr. Jones' Ground One ineffective assistance claim. *Id.* Before the

3

post-conviction court on remand, Mr. Jones again admitted that his business had not been qualified by DBPR to perform contracting work through his personal contracting license. Dkt. 18-2 at 1554−55. The post-conviction court ultimately held that Mr. Jones could not show prejudice or deficient performance by his trial counsel, noting Mr. Jones' own admissions that his business was not qualified by DBPR to conduct contracting services, which were corroborated by DBPR's lack of any records showing such qualification. *Id.* at 1604.

Mr. Jones appealed this determination to the Florida Second District Court of Appeal in Case No. 2D22-255. According to that appellate docket, Mr. Jones' appeal remains pending after having been transferred to the newly formed Florida Sixth District Court of Appeal in December 2022.

Before this Court, Mr. Jones now seeks habeas relief under 28 U.S.C. § 2254. Dkt. 6. As his single ground for relief, Mr. Jones claims, "The State charged Mr. Jones with inter alia, contracting without a license, when in fact Mr. Jones did have a valid current license." *Id.* at 5. In support of this ground, Mr. Jones explains that "[a]fter reviewing pertinent evidence . . . used in trial, it is glaringly apparent that the State knew, or should have know [sic], Mr. Jones had a current and active contractor's license during this period in question." *Id.*

## ANALYSIS

Federal district courts only have jurisdiction to entertain § 2254 habeas

4

petitions from petitioners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). As the Supreme Court has explained, "in custody" means "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490−91 (1989). Where a petitioner is no longer serving a sentence for a given conviction, he cannot bring a federal habeas petition directed only at that conviction. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

Even when liberally construed, Mr. Jones' habeas petition only seeks relief for his Contracting Without a License convictions, not his convictions for Theft or Misapplication of Funds Received for Real Property Investments. Dkt. 6 at 5; *see also* Dkt. 1 (original petition). As noted above, Mr. Jones was sentenced in 2013 to time-served for his convictions of Contracting Without a License. Dkt. 18-2 at 890−91. No term of probation was imposed on those sentences. *Id.* Mr. Jones also received concurrent prison sentences followed by a period of probation for his other convictions of Theft and Misapplication of Funds Received for Real Property Investments. *Id.* at 887−89. The Florida Department of Corrections website confirms that Mr. Jones' prison sentence imposed in 2013 was based only upon his convictions of Theft and Misapplication of Funds Retained for Real Property

5

Investments.² Notably, Mr. Jones was afforded 102 days of jail credit "for time incarcerated before imposition of this sentence," Dkt. 18-2 at 892, suggesting that his sentences of time-served and incarceration ran concurrently rather than consecutively, *see Boone v. Warden*, No. 18-13097-E, 2019 WL 309870, at *1 (11th Cir. 2019).³

Given that Mr. Jones was sentenced in 2013 to time-served for his Contracting Without a License convictions, he was certainly not "in custody" under those convictions at the time he filed his present petition in 2022. *See Maleng*, 490 U.S. at 490−91. Rather, Mr. Jones' time-served sentences "fully expired" on the date of his sentencing. *See Boone*, 2019 WL 309870, at *1. Accordingly, the Court has no jurisdiction to entertain Mr. Jones' § 2254 petition.

## CONCLUSION

Based on the foregoing, Mr. Jones' Amended Petition for Writ of Habeas Corpus, Dkt. 6, is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to enter judgment accordingly and close this case. Moreover, the Court should grant an application for a Certificate of Appealability ("COA") only if Mr. Jones

---

² This publicly available information can be found through the search engine located at: http://www.dc.state.fl.us/OffenderSearch/Search.aspx.

³ While a petitioner remains "in custody" on a conviction "underlying the first of multiple consecutive sentences and may challenge the first conviction until all sentences have been served," *see Boone v. Warden*, No. 18-13-13097-E, 2019 WL 309870, at *1 (11th Cir. 2019) (citing *Garlotte v. Fordice*, 515 U.S. 39, 40-41 (1955)), that is not the case here. There is no indication that Mr. Jones' sentences were imposed consecutively. Dkt. 18-2 at 887−92.

makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is denied, and Mr. Jones may not proceed on appeal *in forma pauperis*.[4]

**DONE AND ORDERED** at Tampa, Florida, on March 30, 2023.

                                                  /s/ William F. Jung
                                                  **WILLIAM F. JUNG**
                                                  **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, *pro se*

---

[4] However, the Court notes that a Certificate of Appealability, which is typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing for lack of jurisdiction. *See* 28 U.S.C. § 2253(c); *Gill v. Warden*, 801 F. App'x 676, 679 (11th Cir. 2020) (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).